UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Benjamin N. Reitz, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:20-3320-BHH |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Ingevity Corporation; Quest Diagnostic ) | |
| Clinical Laboratories, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Jeffrey Greene's ("Greene") complaint alleging employment-related causes of action. Defendant Quest Diagnostic Laboratories, Inc. ("Quest") filed a motion to dismiss, and Plaintiff filed a motion for leave to file a declaration.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 for the District of South Carolina, these matters was referred to a United States Magistrate Judge for preliminary review. On March 16, 2021, Magistrate Judge Mary Gordon Baker issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant in part and deny in part Quest's motion to dismiss (ECF No. 22). Specifically, the Magistrate Judge recommended dismissal of Plaintiff's claim for mental anguish damages. The Magistrate Judge also recommended that Plaintiff's motion for leave to file a declaration (ECF No. 30) be deemed moot. Attached to the Report was a notice advising the parties of their right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's thorough analysis.

Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 41) and incorporates it herein, and the Court grants in part and denies in part Quest's motion to dismiss (ECF No. 22), as outlined in the Report. The Court finds moot Plaintiff's motion for leave to file a declaration (ECF No. 30).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

April 16, 2021
Charleston, South Carolina

3